UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

**CASE NO.: 1:18-cv-20906-KMM**

IN RE:

PETITION OF NATHANIEL POZZI as titled owner of and for a 30' 1988 GEMINI, hull identification number PCI00231K888 her engines, tackle, and appurtenances, for exoneration from or Limitation of Liability,

   Petitioner.

_____/

### RESPONDENTS', ANDREW BICKLE AND STEPHANIE BICKLE, ANSWER, AFFIRMATIVE DEFENSES AND CLAIM TO PETITIONER'S PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

  COME NOW, ANDREW BICKLE and STEPHANIE BICKLE, each as individuals, files this their Answer, Affirmative Defenses, and Claim, in response to Petitioner's, NATHANIEL POZZI, Petition for Exoneration From or Limitation of Liability, and states as follows:

1. Admitted that this Federal Court Action was filed pursuant to the Court's admiralty and maritime jurisdiction; otherwise, denied and strict proof demanded thereof.

2. Admitted that this Federal Court Action was filed pursuant to the Court's admiralty and maritime jurisdiction; otherwise, denied and strict proof demanded thereof.

3. Admitted that this Federal Court Action was filed pursuant to the Court's admiralty and maritime jurisdiction; otherwise, denied and strict proof demanded thereof.

4. Admitted.

5. Respondents/Claimants admit that this purports to be an action brought by Petitioner under Supplemental Rule F(2) and/or 46 U.S. §30501; otherwise, any and all other allegations not specifically admitted herein are denied, and strict proof demanded thereof.

6. Admitted that Petitioner owned the Vessel; otherwise, any and all other allegations not specifically admitted herein are denied, and strict proof demanded thereof.

7. Denied and strict proof demanded thereof.

8. Denied and strict proof demanded thereof.

9. Admitted that the Vessel broke loose and damaged property owned by Respondents/Claimants; otherwise denied and strict proof demanded thereof.

10. Admitted.

11. Admitted.

12. Respondents/Claimants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 12 of the Petition, and therefore, denies the same and demands strict proof thereof.

13. Admitted that Respondents/Claimants have made a claim for damages from Petitioner. Respondents/Claimants are without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 13 of the Petition, and therefore, denies the same and demands strict proof thereof.

14. Respondents/Claimants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 14 of the Petition, and therefore, denies the same and demands strict proof thereof.

## COUNT I EXONERATION

15. Respondents/Claimants reassert and reallege each and every response to the allegations set forth in paragraphs one (1) through fourteen (14) above as if more fully set forth at length herein.

16. Denied and strict proof demanded thereof.

17. Denied and strict proof demanded thereof.

18. Denied and strict proof demanded thereof.

19. Denied and strict proof demanded thereof.

20. Denied and strict proof demanded thereof.

21. Denied and strict proof demanded thereof.

22. Denied and strict proof demanded thereof.

23. Denied and strict proof demanded thereof.

WHEREFORE, Respondents/Claimants, ANDREW BICKLE AND STEPHANIE BICKLE, request that Petitioner's, NATHANIEL POZZI, Petition for Exoneration From or Limitation of Liability be dismissed and the Respondents/Claimants recover their costs.

## COUNT II – LIMITATION OF LIABILITY

24. Respondents/Claimants reassert and reallege each and every response to the allegations set forth in paragraphs one (1) through twenty-three (23) above as if more fully set forth at length herein.

25. Denied and strict proof demanded thereof.

26. Admitted that this Federal Court Action was filed pursuant to the Court's admiralty and maritime jurisdiction; otherwise, denied and strict proof demanded thereof.

27. Denied and strict proof demanded thereof.

WHEREFORE, Respondents/Claimants, ANDREW BICKLE AND STEPHANIE BICKLE, request that Petitioner's, NATHANIEL POZZI, Petition for Exoneration From or Limitation of Liability be dismissed and the Respondents/Claimants recover their costs.

28. Any and all allegations contained in the Petition, including its WHEREFORE clauses, that are not specifically admitted herein are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Respondents/Claimants, ANDREW BICKLE AND STEPHANIE BICKLE, allege that the incident occurring on or about September 9 or 10, 2017 wherein Petitioner's, NATHANIEL POZZI, Vessel damaged the Respondents'/Claimants', ANDREW BICKLE AND STEPHANIE BICKLE, Vessel, was proximately caused, in whole or in part, or were contributed to, in whole or in part, by the fault of NATHANIEL POZZI, and as to such fault, neglect or want of care, NATHANIEL POZZI is not entitled to claim exoneration from or limitation of liability.

### SECOND AFFIRMATIVE DEFENSE

The Petition fails to state a claim upon which relief may be granted. Pursuant to Rule 7, Petitioner failed to state: (1) the amount of all demands including all unsatisfied liens or claims of lien; (2) whether Petitioner's Vessel was damaged, lost, or abandoned, and if so, when and where; (4) the value of the Vessel at the close of the voyage or in case of wreck, the value of her wreckage, strippings, or proceeds; and (4) the where and in whose possession the Vessel currently resides. Because Petitioner has failed to set forth these particular facts, Petitioner's petition must be dismissed for failing to set forth facts on the basis of which the right to limit liability is asserted and for failing to set forth all facts necessary to enable to Court to determine the amount which the owner's liability shall be limited.

### THIRD AFFIRMATIVE DEFENSE

Pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law remedies, Respondents/Claimants, in filing this Answer and Claim, reserve all rights to pursue all available claims in the forum of their choosing, including state court, for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court, and to have such claims and related damages tried to a jury. The filing of this Answer and Claim in no way constitutes a waiver of these rights and defenses, and Respondents/Claimants do not, through this filing, agree to join all issues in this proceeding.

### FOURTH AFFIRMATIVE DEFENSE

Pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, and all state law remedies, Respondents/Claimants, in filing this Answer and Claim, reserve the right to move for bifurcation of this action so as to enable Respondents/Claimants to select a court and/or forum of their choosing for all fact issues other than whether Petitioner was negligent and whether such negligence waswithin NATHANIEL POZZI's knowledge or privity.

### FIFTH AFFIRMATIVE DEFENSE

The Limitation of Liability Act, 46 U.S.C. §30501 et seq, is unconstitutional, because it violates Respondents'/Claimants' Fifth and Fourteenth Amendment rights under the United States Constitution to due process of an equal protection under the law.

### SIXTH AFFIRMATIVE DEFENSE

Petitioner failed to satisfy the limitation fund by depositing the appropriate security for the value of the 1988 GEMINI, interest at 6% annum, taxable court costs, and/or appropriate insurance proceeds. The limitation fund is inadequate. Thus, Petitioner failed to satisfy the limitation fund requirement, and his Petition must be dismissed.

**SEVENTH AFFIRMATIVE DEFENSE**

Petitioner has failed to file or show that the 1988 GEMINI is a total loss and has failed to provide an appropriate appraisal to confirm that the value of the Vessel is $0.00. Respondents/Claimants disagree that the value of the Vessel is $0.00 and/or that the Vessel is a total loss. Respondents/Claimants demand an appraisement to be paid by Petitioner to determine the actual value of the Vessel, and if the value of the Vessel is over $0.00, to immediately deposit the appropriate monies into the court registry as security for Respondents/Claimants claims or his Petition must be dismissed.

**EIGHTH AFFIRMATIVE DEFENSE**

The Limitation of Liability Act does not apply to this case, because, at all relevant times, the 1988 GEMINI was operated in a willful, wanton and reckless manner, or alternatively, the condition and actions resulting in Respondents'/Claimants' damages took place with the privity and knowledge of Petitioner.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that this Honorable Court determines that the Limitation of Liability Act applies to this case, this limitation should include any and all proceeds from insurance coverage on the 1988 GEMINI insuring Petitioner for events such as those underlying this case.

**TENTH AFFIRMATIVE DEFENSE**

To the extent that this Honorable Court determines that the Limitation of Liability Act applies to this case, this limitation fund should include any and all proceeds from any judgment, award or settlement which may be received by Petitioner from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioner as a result of the fault or alleged fault of said party.

## ELEVENTH AFFIRMATIVE DEFENSE

Respondents/Claimants reserve the right to contest the appraisal value of the 1988 GEMINI, its appurtenances, and the adequacy of the security thereof.

## TWELFTH AFFIRMATIVE DEFENSE

The Limitation of Liability Act does not apply to this case, because, at all relevant times, the 1988 GEMINI was known by Petitioner to be unseaworthy.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Limitation of Liability Act is not available to Petitioner's insurers.

## FOURTEENTH AFFIRMATIVE

The limited intended purpose of limitations proceedings renders such a proceeding inapposite for a cause of this nature.

## FIFTEENTH AFFIRMATIVE DEFENSE

Petitioner is not entitled to exoneration from or limitation of liability, and the Petition should therefore be denied, because the events culminating in the damages of Respondents/Claimants were the result of the negligence or fault of Petitioner, the negligence or fault of those for whom Petitioner was responsible, the unseaworthiness of the 1988 GEMINI, all of which was within the privity and knowledge of Petitioner.

## SIXTEENTH AFFIRMATIVE DEFENSE

The events culminating in the damages of Respondents/Claimants were not the result of any negligence or fault of Respondents/Claimants or of those for whom they were responsible.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The 1988 GEMINI, was a drifting vessel when it allided with the Sunset Isle, which was stationary at the time it was hit. Under the Louisiana Rule, a rebuttable presumption that the drifting vessel

is at fault is created where the drifting vessel has allided with a stationary vessel. Here, there is no question that the 1988 GEMINI was adrift and the Sunset Isle was stationary when the collision occurred. As such, a rebuttable presumption arises which presumes that NATHANIEL POZZI was at fault for the collision, because moving vessels do not usually collide with stationary objects unless the moving vessel is mishandled in some way.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The force of Hurricane Irma was not so severe that no amount of precaution could have avoided the collision of the 1988 GEMINI with the Sunset Isle. As such, any "Act of God" defense fails. Thus, NATHANIEL POZZI had to exercise reasonable care consistent with prudent seamanship and recognized customs and usages in securing the 1988 GEMINI to the mooring ball prior to a storm event, of which he failed to do.

AND NOW, specifically reserving all defenses asserted herein, Respondents/Claimants file their Claim in the Petition for exoneration from or limitation of liability of, and state that:

### CLAIM

1. Respondents/Claimants re-assert each and every defense and objection set forth above as if stated verbatim herein.
2. Claimants, ANDREW BICKLE and STEPHANIE BICKLE, own the Sunset Isle (1980 43 Hatteras), hull identification number HATAE5320580.
3. In anticipation of Hurricane Irma and prior to September 9, 2017, Claimants, with care consistent with prudent seamanship and recognized custom and usages, secured their vessel, the Sunset Isle, in their boat slip located at the Dinner Key Marina, 3400 Pan American Drive, Miami, FL 33133.

4. Claimants secured the Sunset Isle within its boat slip in accordance with standard marine principles and practice.

5. At all times material NATHANIEL POZZI owned, operated and maintained the 1988 GEMINI, hull identification number PCI00231K88.

6. At all material times, the 1988 GEMINI was on navigable waters.

7. Rather than securing the 1988 GEMINI in a boat slip in anticipation of Hurricane Irma or removing it from the water, NATHANIEL POZZI, with care inconsistent with prudent seamanship, secured his vessel, the 1988 GEMINI, to a mooring ball located in the Dinner Key Marina.

8. On or about September 9 and 10, 2017, Hurricane Irma made landfall in Miami, FL.

9. Hurricane Irma was not so severe that no amount of precaution could have avoided the 1988 GEMINI colliding with the Sunset Isle.

10. At some time on or about September 9 or 10, 2017, the 1988 GEMINI broke loose of the mooring ball and aimlessly and hazardously drifted into the docks of the Dinner Key Marina.

11. On or about September 9 or 10, 2017, the 1988 GEMINI, untethered to any mooring ball or boat slip, hazardously collided and allided into the Sunset Isle, causing extensive damage to the Sunset Isle.

12. The mooring ball that the 1988 GEMINI was attached to did not fail during Hurricane Irma.

## NEGLIGENCE OF NATHANIEL POZZI

13. Claimants reassert, re-allege and incorporate by reference paragraphs 1-12 above as if fully stated herein and further allege:

14. This is an action for negligence under general maritime law and/or Florida common law.

15. NATHANIEL POZZI owed to Claimants the duty to exercise reasonable care consistent with prudent seamanship, including following statutory and regulatory rules and following recognized custom and usages, in securing the 1988 GEMINI to the mooring ball prior to the arrival of Hurricane Irma.

16. NATHANIEL POZZI breached these duties, and thus, was negligent, grossly negligent and/or reckless in securing the 1988 GEMINI to the mooring ball prior to the arrival of Hurricane Irma for the reasons, including, but not limited to, the following:

    a. failing to use a second anchor when mooring the 1988 GEMINI in anticipation of a storm event;

    b. failing to use the large sized cleats and/or cocks to secure the mooring line to the 1988 GEMINI in anticipation of a storm event;

    c. failing to use the appropriate size, strength and length of mooring line when securing the 1988 GEMINI to the mooring ball in anticipation of a storm event;

    d. failing to properly keep the mooring line from chafing and breaking by failing to protect and cover the mooring lines with heavy duty tubing, removable chafe guards, and/or other protective measures which caused the mooring line to chafe, fray and break during the storm event;

    e. failing to use two or more mooring lines (i.e. "storm configuration") to secure the 1988 GEMINI to the mooring ball in anticipation of a storm event;

    f. Failing to have the requisite knowledge and/or seek assistance of a person who did have the requisite knowledge of how to secure the 1988 GEMINI to the mooring ball during storm event;

    g. failing to check whether the mooring lines were frayed and/or chafed prior to securing the 1988 GEMINI to the mooring ball in anticipation of a storm event;

    h. failing to exercise due care and caution when securing the 1988 GEMINI to the mooring ball in anticipation of a storm event;

    i. securing the 1988 GEMINI to a mooring ball during a hurricane instead of securing the vessel in a dock and/or taking it out of the water; and/or

    j. any other violations of standard marine practice by NATHANIEL POZZI to be learned through discovery.

17. These negligent acts by NATHANIEL POZZI caused the 1988 GEMINI to break loose from the mooring ball, drift into the Dinner Key Marina and hazardously collide with the Sunset Isle.

18. The Sunset Isle was extensively damaged when the 1988 GEMINI when it hazardously collided with it.

19. These negligent acts by NATHANIEL POZZI, which caused the Sunset Isle to be damaged, were within the privity and knowledge of NATHANIEL POZZI.

20. As a direct and proximate cause of NATHANIEL POZZI's breaches of his duties, Claimants, as owners of the Sunset Isle, were damaged.

21. Therefore, NATHANIEL POZZI is liable for all damages recoverable under general maritime law and/or Florida common law, including but not limited to, the repair costs of the Sunset Isle which will not leave the Sunset Isle essentially depreciated in her market value or inferior for public use, all other damages allowable by law and any other relief deemed proper by the Honorable Court.

22. Claimants demand a jury trial for all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE,** Claimants, ANDREW BICKLE and STEPHANIE BICKLE, pray that, after due proceedings, this Honorable Court:

a. Dismiss Petitioner's, NATHANIEL POZZI, Petition for Exoneration from Limitation of Liability and lift the injunction currently in place in this matter;

b. Alternatively, require Petitioner to obtain an appropriate appraisal and deposit the security in the form of a cash deposit into the registry of the Court, so that the total amount deposited, determined by appraisal of a commissioner appointed by the Court, reflects the full value of the 1988 GEMINI;

c. Permit Claimants to proceed and prosecute their claims without pre-payment of costs;

d. Render judgment herein in favor of Claimants, and against Petitioner, for all damages as are warranted, pre-judgment interest accrued on such damage, and for all costs of these proceedings; and

e. Order all other relief to which Claimants are entitled to under law and equity.

DEMAND FOR JURY TRIAL

Claimants demand a trial by jury. *See Luera v. M/V Alberta*, 635 F.3d 181 (5th Cir. 2011).

Dated: April 29, 2018

                                                Respectfully submitted,

                                                By: /s/ Jeanette A. Bellon
                                                Jeanette A. Bellon, Esq.
                                                *Attorneys for Claimants, Andrew and Stephanie Bickle*
                                                Florida Bar Number: 45351
                                                Bellon Law, P.A.
                                                150 E. Palmetto Park Rd., #800
                                                Boca Raton, FL 33432
                                                Phone: 561-465-7520

                                  Fax: 561-465-7501
                                  Primary/Service email:
                                  jbellon@bellonlawpa.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true copy of the foregoing has been furnished on this 29th day of April, 2018, to the below service list via transmission of Notices of Electronic Filing generated by CM/ECF and electronic mail as indicated.

## SERVICE LIST

Charles S. Davant, Esq.
FOWLER WHITE BURNETT P.A.
*Attorneys for Petitioner, NATHANIEL POZZI*
One Financial Plaza
100 SE 3rd Avenue, 21st Floor
Ft. Lauderdale, FL 33384
Telephone: (954)377-8173
Email: csd@fowler-white.com